UNITED STATES DIESTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DARRICK DIXON | \* | NUMBER: |
| Plaintiff | \* | |
| VERSUS | \* | SECTION: |
| | \* | |
| | \* | JUDGE |
| THE ADMINISTRATORS OF THE TULANE | \* | |
| EDUCATIONAL FUND, RICHARD POTTS | \* | MAGISTRATE: |
| AND JOSEPH GOODROW | \* | |
| Defendant | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

## JURISDICTION

### I.

This action is brought pursuant to 42 U.S.C. 1981. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343. Supplemental jurisdiction over claims under state law is also invoked pursuant to 28 U.S.C. Section 1367 to hear claims under Louisiana Civil Code articles 2315, 2316 and 2320 and LSA R.S. 23:331 *et seq.*

## PLAINTIFF

Plaintiff, Darrick Dixon, is a person of the full age of majority who resides in Jefferson Parish in the Eastern District of Louisiana. He is an African-American male. He has filed a timely complaint with the EEOC and is filing this action within the requisite timeframe.

## DEFENDANTS

Defendant, The Administrators of the Tulane Educational Fund, is a Louisiana non-profit corporation operating in Orleans Parish in the Eastern District of Louisiana as Tulane University. At all relevant times, Plaintiff was employed by Defendant as an officer with its Tulane University downtown medical district station at 1430 Tulane Avenue, New Orleans, Louisiana 70112.

Defendant, Richard Potts is a person of the full age of majority, and at all relevant times in question served as a Chief with the Tulane University Police Department.

Defendant, Joseph Goodrow is a person of the full age of majority, and at all relevant times in question served as Professional Standards Manager with the Tulane University Police Department.

## STATEMENT OF FACTS

### IV.

1. Plaintiff is employed by Defendant as a Tulane University Police Officer with the rank of Lieutenant. He has been employed with the Tulane University Police Department since May of 2003.

2. During the course of Plaintiff's tenure with Defendant, he was repeatedly subjected to the use of racial slurs and epithets that he found to be highly offensive.

3. Plaintiff is an African-American male. Specifically, Plaintiff was called "gorilla" by his co-worker and supervisor during a Commission on Accreditation for Law Enforcement Agencies (CALEA) accreditation exercise.

4. In furtherance of the dehumanizing "gorilla" comment, plaintiff found a rotten banana in his chair.

5. Plaintiff informed his immediate supervisors of the activity and expressed to them his disdain in being called "gorilla" and finding a rotten banana in his chair.

6. Despite Plaintiff's numerous complaints abouth the racially offensive behavior, no action was taken by Defendant.

7. Ultimately, Plaintiff was reassigned to a lesser position as supervisor. He was previously serving as Downtown District Patrol Commander. He was replaced by Scott Meunier, a white male with one year of experience as lieutenant. Plaintiff had five years of experience as a lieutenant.

8. Plaintiff was subsequently informed that he would not be allowed to attend a leadership and management training seminar in Davie, Florida as previously promised. This denied plaintiff the opportunity to receive an Internal Affairs Certification.

9. Plaintiff was also informed that he would not be attending a Commission on Accreditation for Law Enforcement Agencies (CALEA) conference in Miami, Florida with command staff, as previously promised. Plaintiff was at the time classified as command staff.

10. Defendants' actions rendered Plaintiff a victim of discrimination based on race, ethnicity, and national origin.

11. Additionally, Defendants' actions rendered Plaintiff a victim of retaliation.

12. As a result of the degrading treatment described herein, Plaintiff suffered emotional damages which adversely impacted his ability to serve as a member of the Tulane University Police Department.

## CAUSES OF ACTION

13. Plaintiff re-alleges all facts listed in paragraphs 1-12.

14. The actions of defendants as described herein display a wanton and reckless disregard for Plaintiff's federally-protected civil rights granted by Louisiana law cited herein. Furthermore, Defendants are negligent when not training its managers on federal and state laws regarding employment discrimination. Therefore, Defendants are liable under respondent superior for the actions of its managers.

Defendants' conduct and actions proximately caused significant injuries and damages to Plaintiff, which include, but is not limited to:

   i. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that recognize, protect and ensure adherence to Plaintiff's civil rights;

   ii. Failing to provide adequate or reasonable training, supervision, monitoring or control of managers or supervisors, including the managers referenced herein, so that managers carry out their duties without infringing upon Plaintiff's civil rights.

   iii. Failing to hold supervisors and managers responsible for the misconduct of their subordinates; and

   iv. Failing to ensure that Plaintiff was not subjected to a hostile work environment.

## DAMAGES

### VI.

As a result of the actions of the Defendants as described above, Plaintiff as suffered damages as follows:

 a. Plaintiff has suffered severe physical, mental, emotional injury and pain and suffering;

 b. Plaintiff has suffered humiliation, impairment and damage to his reputation; and

 c. Punitive damages against Defendants.

## PRAYER FOR RELIEF

### VII.

**WHEREFORE,** Plaintiff prays that after due proceedings, there be judgment on his behalf and against Defendants, for damage and causes of actions, *intra alia*:

 1. Compensatory and punitive damages;

 2. Loss wages;

 3. Hostile work environment;

4.  Negligence;

5.  Failure to train and monitor the workplace;

6.  Strict Liability;

7.  Civil rights violation under the federal and state law;

8.  Loss of consortium;

9.  Reasonable attorney's fees and all costs associated with these proceedings.

Plaintiff further prays that judicial interest be awarded from the date of judicial demand; that this matter be tried to a jury; and all other relief that this Court deems just and proper and any other relief as allowed by law and equity as prayed for herein.

Respectfully submitted,

LAW OFFICE OF EUSI H. PHILLIPS, LLC

/s/Eusi H. Phillips
Eusi H. Phillips (LSBA No. 29732)
330 Carondelet Street, 4th Floor
New Orleans, LA  70130
Telephone: (504) 310-5093
Facsimile: (504) 324-0981
Email: ehphillips@ehphillpslaw.com

UNITED STATES DIESTRICT COURT
EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **DARRICK DIXON** | \* | NUMBER: |
| Plaintiff | \* | |
| **VERSUS** | \* | SECTION: |
| | \* | |
| **TULANE UNIVERSITY, THE** | \* | JUDGE |
| **ADMINISTRATORS OF THE TULANE** | \* | |
| **EDUCATIONAL FUND, RICHARD POTTS** | \* | MAGISTRATE: |
| **AND JOSEPH GOODROW** | \* | |
| Defendant | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF COMPLAINANT

STATE OF LOIUISIANA

PARISH OF JEFFERSON

Before me, the undersigned notary, personally came and appeared:

### DARRICK DIXON

who, having been first sworn declared that the allegations set forth in this complaint are true and correct.

Darrick Dixon

Sworn to and subscribed before me this 27 day of May, 2016.

_____
Marcus A. Green (#28921)